**NATIONAL IMMIGRANT JUSTICE CENTER**
A **HEARTLAND ALLIANCE** PROGRAM

November 12, 2023

**Re: Immigration Inquiry from Jessica Hedges, CJA Attorney
Boston, Massachusetts.**

To Whom It May Concern:

I am a supervising attorney at the National Immigrant Justice Center, which provides consultations to federal defenders and CJA panel attorneys regarding immigration consequences of criminal convictions through a contract with the Defenders Services Office. CJA Attorney Jessica Hedges contacted our office regarding her client, Carlos Lopez, who is currently charged with attempted sex trafficking of a minor under 18 U.S.C. § 1591(a)(1), (b)(2) and § 1594(a).

Ms. Jessica Hedges explained that he was granted bond from the U.S. District Court and released from criminal custody, but was released and then immediately taken back into custody while still in the courthouse by the United States Marshalls to await being picked up and detained by Immigration and Customs Enforcement and placed in removal proceedings. Ms. Hedges also explained that he is an undocumented immigrant who has only been in the United States for approximately a year and a half, and was recently ordered removed from the United States by an Immigration Judge.

Generally, ICE has many options on how to proceed against noncitizens who are released pretrial from criminal custody. The first decision ICE makes is whether or not to detain the noncitizen. If ICE detains the noncitizen, he or she is placed on a more expedited track for removal proceedings, as cases on the detained dockets of Immigration Courts move much more quickly than the non-detained dockets.[1] In my experience, cases on Immigration Court detained dockets can be resolved within a matter of weeks or months, whereas cases on the non-detained dockets, which are plagued with persistent backlogs, can take years.

Moreover, if the noncitizen was not previously in removal proceedings, another threshold decision by ICE is whether or not to issue a Notice to Appear and initiate removal proceedings against the noncitizen. *See Arizona v. United States*, 567 U.S. 387, 396 (2012) (highlighting that "[a] principal feature of the removal system is the broad discretion exercised by immigration officials," and that "[f]ederal officials, as an initial matter, must decide whether it makes sense to pursue removal at all.").

---

[1] This is also true for noncitizens who are not eligible to see an Immigration Judge. For examples, individuals who have been deported previously are subject to having their prior removal orders reinstated by ICE.

Heartland Alliance for Human Needs & Human Rights | National Immigrant Justice Center
224 S. Michigan Ave., Suite 600, Chicago, Illinois 60604 | ph: 312-660-1370 | fax: 312-660-1505 | www.immigrantjustice.org

ICE's decisions on detention and the timing of removal proceedings have clear implications on a noncitizen's pending criminal charges and proceedings. I have seen similar cases where ICE does not detain or even place a noncitizen in removal proceedings while the noncitizen has pending federal criminal charges.

Even after removal proceedings have concluded with an order of removal, ICE has broad discretion on how and when to proceed with removal. *See* 8 C.F.R. § 241.6 (outlining the process by which ICE may stay the removal of noncitizens with final removal orders); *see also* 8 C.F.R. § 215.3 (stating that ICE may prevent the departure of a noncitizen who is needed as a witness or a party to a criminal case under investigation or pending in the United States). In practice, ICE gives these noncitizens an Order of Supervision (Form I-220B), which allows them to continue to live and work in the United States under certain conditions until ICE decides to effectuate their removal orders. ICE typically requires individuals with an Order of Supervision to attend periodic ICE check-in appointments, and may also require an ankle bracelet or some other form of monitoring under ICE's Alternatives to Detention program. Although ICE has broad discretion to continue detention after a removal order is entered, that authority is limited in certain circumstances after six months. *See, e.g.* 8 C.F.R. §§ 241.4(b)(4), 241.13; *Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that detention is not reasonable more than six months after a removal order if there is no significant likelihood of removal in the reasonably foreseeable future).

Once ICE decides to initiate removal proceedings, the Immigration Judge must first make a determination on whether the noncitizen is removable from the United States. *See* 8 U.S.C. §§ 1229, 1229a. This is a straightforward finding that cannot be contested by undocumented individuals like Mr. Lopez who do not have some form of legal immigration status. After an individual is found to be removable, he or she will have the opportunity to apply for immigration relief as a defense to removal from the United States. Noncitizens may be represented by counsel in removal proceedings, but there is no right to court-appointed counsel in removal proceedings, and many individuals proceed *pro se*.

It is very common for noncitizens in removal proceedings to have no options for immigration relief. Stated differently, many noncitizens have no defense to deportation when they are apprehended and placed into removal proceedings by ICE, especially those who are undocumented and have no basis for asserting a fear of returning to their country of origin. From my conversation with Ms. Hedges, Mr. Lopez is undocumented, has only been in the United States for approximately one year and a half, and is not afraid of returning to his country of origin. I have not conducted an individualized assessment of Mr. Lopez as to his background and whether he is eligible for immigration relief.[2] However, given these facts, and the nature of his pending criminal charges, he appears to be removable from the United States and does not appear to be eligible for any form of immigration relief as a

---

[2] For example, noncitizens who are removable from the US may nevertheless apply for certain forms of immigration relief, such as cancellation of removal for non-permanent residents who have resided in the US continuously for at least ten years (among other requirements) under 8 U.S.C. § 1229b(b)(1), and fear-based relief such as asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 241(b)(3), and protection under the Convention Against Torture under 8 C.F.R. § 1208.16.

defense to his removal from the United States. For the same reasons there does not appear to be any basis for an appeal of this decision ordering his removal from the United States.

That being said, ICE still has control over whether Mr. Lopez is removed from the U.S. or not as they would have to physically remove him via an ICE organized flight. As stated above, ICE could release him on an order of supervision while his criminal case is still pending.

Sincerely,

David Faherty
Detention Project Supervising Attorney
National Immigrant Justice Center
224 South Michigan Avenue, Suite 600
Chicago, IL 60604
Tel:
Fax: